DANVILLE REDIPAGE, INC., Plaintiff-Appellant, *v.* ILLINOIS
COMMERCE COMMISSION *et al.*, Defendants-Appellees.

Fourth District   No. 15669

Opinion filed August 28, 1980.—Rehearing denied September 24, 1980.

Douglas G. Brown, P. C., of Springfield, for appellant.

Dennis K. Muncy, Dennis L. Myers, and Paul G. Moran, all of Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, of Champaign, for appellee Tel-Illinois, Inc.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos, Special Assistant Attorney General and Ron Drozdzik, Assistant Attorney General, of counsel), for appellee Illinois Commerce Commission.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Tel-Illinois, Inc. (Tel-Illinois) sought a certificate of public convenience and necessity to conduct an interconnected paging operation in Vermilion County. The application was denied. Rehearing was sought before the Illinois Commerce Commission (Commission), and that Commission granted rehearing. Upon rehearing, the certificate was granted, one commissioner dissenting. The cause was then appealed to the circuit court, seeking a review of the order of the Commission. That court affirmed the Commission order. Danville Redipage, Inc. (Redipage), an intervenor before the Commission, appeals. We reverse.

The essential facts are not in dispute. Since 1968, Redipage has been providing noninterconnected manual page service for Danville, Illinois.

Redipage did not then, nor does it now, hold a certificate from the Commission pursuant to the Public Utilities Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 55). In December 1976, Tel-Illinois sought authority from the Commission to operate an automatic radio paging service interconnected with a landline telephone company in Vermilion County. The differences in the services of Redipage and the proposed service of Tel-Illinois is that a manual service (Redipage) requires the caller to make a call to a central office. Upon receipt of the call, the operator sends a signal that activates a beeper in the pager. The paged person then calls for any message or else calls a predetermined number. The Tel-Illinois operation is automatic in that no operator intervention is necessary. Tel-Illinois also proposes a tone and voice operation in the area, which in addition to a beeper tone permits transmission of a short message by the caller to the person paged via the pager.

■■ The Commission denied the application initially and assigned as its reason the fact that Tel-Illinois had not established a need for its proposed service in the area. In its reversal of position upon rehearing, the Commission made finding as to need and recited:

> "Intervenor Redipage, which itself does not possess a Certificate of Public Convenience and Necessity and does not bear the obligations of continuous and adequate service which public utility status entails, seeks protection against competition by Applicant; this the Commission, consistent with its obligations to the public, cannot grant."

The Commission clearly was proceeding upon the theory that in the absence of a certificate from the Commission, Redipage was not a public utility and therefore was under no obligation to furnish adequate, efficient, just, and reasonable services as is required of a public utility.

Commission certification is not a condition precedent to classification as a public utility. As was noted in *Illinois Power & Light Corp. v. Consolidated Coal Co.* (1928), 251 Ill. App. 49, 75: "If a person or corporation assumes to act as a public utility and exercises the powers thereof, although unlawfully, it will be considered a public utility." Further, in *Eagle Bus Lines, Inc. v. Illinois Commerce Com.* (1954), 3 Ill. 2d 66, 119 N.E.2d 915, the court observed that a business need not be incorporated or even presently regulated by the Commerce Commission to be a public utility in fact.

This record rather clearly demonstrates that Danville Redipage, Inc., was in the business of supplying a paging service in the Danville area and was doing so without a certificate from the Illinois Commerce Commission. The brief of the Commission recites its position to the effect that Danville Redipage was not required to obtain a certificate of convenience and necessity from the Commission. The brief reads:

"At the time the hearings were conducted in this matter, the paging services Danville Redipage provided consisted of manual paging services not interconnected with a landline telephone company. Traditionally, these kinds of services have not been and are not today regulated by the Commission, as is clear from the Attorney General's opinion of November 19, 1976 (File #S-1177). The services for which Tel-Illinois sought certification, however, are automatic paging services that are interconnected to a landline telephone company. These services have traditionally, and are today, subject to Commission jurisdiction and regulation."

■■ The parties are in disagreement as to whether or not the recent opinion of the Illinois Supreme Court in *Radio Relay Corp. v. Illinois Commerce Com.* (1977), 69 Ill. 2d 95, 370 N.E.2d 528, requires a noninterconnecting paging service to obtain a certificate from and be subject to the jurisdiction of the Commission. For purposes of this case, we need not determine that specific issue, for we conclude that Redipage was in fact supplying a service and that as of the time of which we are concerned, there was no requirement by the Commission that Redipage have a certificate from or be subject to the jurisdiction of the Commission. Absence of such certificate does not, however, mean that Redipage was not in fact a utility supplying services and entitled to be considered first in the field.

In *Eagle Bus Lines*, the court discussed the first-in-the-field concept and in an opinion by Mr. Justice Hershey, stated:

"In reliance on this court's decision in *Egyptian Transportation System, Inc. v. Louisville & Nashville R.R. Co.* 321 Ill. 580, Eagle maintains that before the commission can grant a certificate of convenience and necessity to one carrier, where another is in the field, it must appear that the existing utility is not rendering adequate service, the existing utility should be permitted to show that it can furnish the needed service, and the commission must find that the existing carrier has failed or is unable to provide the additional service. This is the proper rule to be applied in the case of a utility which is first in the field, but it must be proved that such an existing carrier does actually enjoy such priority. (*Chicago, Rock Island & Pacific Railroad Co. v. Commerce Com.* 414 Ill. 134; *Chicago Motor Bus Co. v. Chicago Stage Co.* 287 Ill. 320.) This rule protecting the pioneer in the field is based on a consideration of the time and money expended by the pioneer in developing its business and rendering adequate service to the public, (*Chicago Bus Co. case*) and the pioneer utility having taken the 'bitter with the sweet' throughout the years of development of the utility business in the area. *Chicago, Rock Island & Pacific*

*Railroad Co. v. Commerce Com.* 414 Ill. 134." 3 Ill. 2d 66, 70, 119 N.E.2d 915, 918.

The position of the Commission in this court is substantively that Redipage is not a public utility and cannot be classified as first in the field, for if it was providing a service, it was doing so illegally, because it did not obtain a certificate from the Commission. If service is provided illegally, that service does not constitute first-in-the-field. That position puts Danville Redipage in a "no-win" situation. It is, in fact, providing a service, and so far as this record is concerned, it was the position of the Attorney General and the Commission that certification was not required. Indeed, the Attorney General so advised the Commission in the November 1976 opinion. We conclude that Redipage was a public utility providing service in the geographical area with which this proceeding is concerned and that the Commission was in error, as a matter of law, when it failed to so conclude. The recent opinion of the Third District in *Ace Ambulance & Oxygen Service Co. v. Illinois Commerce Com.* (1979), 75 Ill. App. 3d 17, 393 N.E.2d 1322, is not contrary to the conclusion that we reach. In *Ace*, the court held that a utility that was guilty of an illegal and unauthorized operation had no right to claim protection under the first-in-the-field doctrine. It appears in *Ace* that the utility was operating without certification, and there was no indication that certification was not required under an opinion of the Attorney General. Here, the Attorney General as the legal advisor to the Illinois Commerce Commission held that certification of the Redipage operation was not necessary. It does not appear that such was true in *Ace*, a material distinction.

We do not find the Commission's argument that there is no evidentiary basis for concluding that Redipage was first in the field to be very persuasive. There is, in fact, no controversy in this record, but that Redipage was supplying the service in the area and under the first-in-the-field doctrine, it is necessary that the Commission make findings relevant to the issue of whether or not the utility in the field is capable of and can provide the necessary service. Prior to the issuance of a certificate of convenience and necessity to a competing public utility, it is necessary that the record demonstrate that the existing utility in the field was unable or unwilling to render the service. Here, as in *Chicago & West Towns Rys. v. Illinois Commerce Com.* (1943), 383 Ill. 20, 48 N.E.2d 320, the Commission should have heard evidence and made findings upon that proposition. Accordingly, the judgment of the circuit court of Vermilion County is reversed, and this cause is remanded to that court with directions to remand to the Illinois Commerce Commission for further proceedings consistent with the views herein expressed.

Reversed and remanded with directions.

MILLS, P. J., and WEBBER, J., concur.