ILLINOIS CONSOLIDATED TELEPHONE CO., Plaintiff-Appellant, *v.*
AIRCALL COMMUNICATIONS, INC., Defendant-Appellee.

Fourth District    No. 17294

Opinion filed November 19, 1981.

Douglas G. Brown and Gary L. Smith, both of Douglas G. Brown, P. C., of Springfield, and Richard F. Record, Jr., of Craig & Craig, of Mattoon, for appellant.

James L. Capel, Jr., and Dennis Myers, both of Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, of Champaign, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal presents yet another facet of the seemingly endless contention between the parties as to which of them will provide paging services in Coles County.

On April 16, 1980, the Illinois Commerce Commission (Commission) granted to Aircall Communications, Inc., defendant-appellee herein (Aircall), a certificate of public convenience and necessity to perform paging services in Coles County. Illinois Consolidated Telephone Company, plaintiff-appellant herein (Telephone), appealed the order granting Aircall's certificate to the circuit court of Coles County. That court reversed and remanded the Commission's order on December 15, 1980. The Commission appealed the circuit court's order to this court, which affirmed the circuit court in *Illinois Consolidated Telephone Co. v. Illinois Commerce Com.* (1981), 99 Ill. App. 3d 462, 425 N.E.2d 535.

During the pendency of the appeal to this court on May 15, 1981, Telephone filed a complaint in the circuit court of Coles County against Aircall seeking a preliminary and permanent injunction restraining Aircall from providing paging service in Coles County, and for damages. Aircall filed a motion to dismiss the request for preliminary injunction. The trial

court held an evidentiary hearing on the matter and on June 2, 1981, entered an order sustaining Aircall's motion and denying injunctive relief. This interlocutory appeal followed pursuant to Supreme Court Rule 307(a)(1) (73 Ill. 2d R. 307(a)(1)).

The trial court's order is based at root on the theory that the Commission's order is still in effect, notwithstanding the appeal process. The order further recites that Telephone has suffered no irreparable injury. We disagree and reverse.

We believe that the trial court misapprehended the meaning and effect of section 71 of the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 75). In pertinent part that section is read:

> "The pendency of an appeal shall not of itself stay or suspend the operation of the rule, regulation, order or decision of the Commission, but during the pendency of the appeal the circuit court, or the reviewing court, as the case may be, in its discretion may stay or suspend, in whole or in part, the operation of the Commission's rule, regulation, order or decision."

The trial court took the apparent position that this section is tantamount to an automatic operation of the order during the entire appeal process. Such an interpretation would enervate, if not destroy entirely, the appeal process. It is admitted here that no stay was ever sought. Therefore, the Commission's order awarding a certificate to Aircall remained in force until the decision of the circuit court on December 15, 1980. As has been indicated, that decision reversed the Commission's order. At that juncture the Commission's order necessarily expired and the reversal order of the circuit court stood in its stead to be governed by the stay provisions of Supreme Court Rule 305(b)(1) (73 Ill. 2d R. 305(b)(1)). No stay was sought under that rule.

The Public Utilities Act itself makes just such a provision in section 69 which is read as follows:

> "Appeals from all final orders and judgments entered by the circuit court, in review of rules, regulations, orders or decisions of the Commission, may be taken as in other civil cases." Ill. Rev. Stat. 1979, ch. 111 2/3, par 73.

Furthermore, Supreme Court Rule 1 (73 Ill. 2d R. 1) provides in part:

> "The rules on appeals supersede statutory provisions inconsistent with the rules and govern all appeals."

If the statutory provisions of section 71 of the Public Utilities Act set forth above may in any sense be interpreted as an attempt to govern appeals from the circuit court, they must yield to the Supreme Court Rules. *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602.

■■ However, we do not believe that any such conflict exists because we

discern a step-by-step process from the Commission through the circuit and reviewing courts. Section 67 of the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 71) provides in part:

"An application for rehearing shall not excuse any corporation or person from complying with and obeying any rule, regulation, order or decision or any requirement of any rule, regulation, order or decision of the Commission theretofor made, or operate in any manner to stay or postpone the enforcement thereof, except in such cases and upon such terms as the Commission may by order direct."

By breaking the progress of a matter through the Commission and through the courts into time segments, the statutory scheme becomes clear. From the time of the Commission's order through the rehearing process in the Commission, section 67 governs, and any stay must be sought from the Commission. Upon appeal to the circuit court from a denial of rehearing, section 71 governs, and a stay must be sought from the appropriate court. Once the circuit court has acted, section 69 governs, and stays must be sought pursuant to Supreme Court Rules. In this way the statutes and rules may be harmonized and read *in pari materia*; no conflict between or among them then ensues.

■■ The circuit court was therefore in error in holding that section 71 controlled and that the Commission's order still possessed vitality.

■■ Aircall argues that when the circuit court on the appeal of the Commission's order "reversed and remanded," it was in reality only a remandment and not a reversal. We do not so read it. The order was reversed based on *Danville Redipage, Inc. v. Illinois Commerce Com.* (1980), 87 Ill. App. 3d 787, 410 N.E.2d 328, and remanded for a new hearing to determine which of the contestants was first in the field. Until such new hearing is held and a new order issued by the Commission, there is no order in existence. The power of a circuit court to remand only is extremely limited. (Compare *N-Ren Corp. v. Illinois Commerce Com.* (1981), 98 Ill. App. 3d 1076, 423 N.E.2d 1386, and the cases there cited.) No such situation exists here. The remandment was for the purpose of determining which of the two was to obtain the certificate, not for the purpose of taking omitted evidence. The argument is without merit.

■■ Next the standing of Telephone to obtain a preliminary injunction requires brief discussion. The requirements for the writ are well-known. The moving party must show: (1) that he possesses a right which needs protection; (2) that he will suffer irreparable injury without the protection; (3) that there is no adequate remedy at law; and (4) that he is likely to succeed on the merits. (*Armour & Co. v. United American Food Processors, Inc.* (1976), 37 Ill. App. 3d 132, 345 N.E.2d 795.) It is difficult

to determine which of these criteria were relied upon by the trial court in refusing the injunction. The trial judge stated that Telephone had shown no irreparable injury. However, just before this remark he was comparing the number of customers and the charges of each of the parties, concluding that Aircall had fewer customers and higher charges. The implication is that Aircall was no menace to Telephone.

■■ However, we believe that the harm is broader than that. Telephone's claim to be first in the field has at least a *prima facie* appearance of validity. Therefore, it has a protectable right to a determination of its ability to service customers before another utility is allowed to enter the field. The amount of business done by either at the current time is to this extent irrelevant. The purpose of a preliminary injunction is to preserve the *status quo* (*City of North Chicago v. Pixley* (1975), 28 Ill. App. 3d 354, 328 N.E.2d 147), and such a writ in this case would maintain the parties in the same position which they occupied at the time of the December 15, 1980, order.

Telephone thus has a protectable right and suffers irreparable injury by the very fact of Aircall's doing business. There is no adequate remedy at law. Under the facts as presented, it would be well-nigh impossible to determine what damages Telephone has suffered by Aircall's intrusion. Lastly, with its first-in-the-field claim, Telephone has a very good likelihood of succeeding on the merits.

■■ The trial court was in error in denying the preliminary injunction. Its order of denial is therefore reversed, and the cause is remanded to the circuit court of Coles County with directions to issue the writ in accordance with the prayer of the complaint and upon such terms as it deems just.

Reversed and remanded with directions.

MILLS and LONDRIGAN, JJ., concur.