RON SMITH TRUCKING, INC., Plaintiff-Appellant, v. SALLY JACKSON, Director, Department of Employment Security, Defendant-Appellee.

Fourth District No. 4—89—0911

Opinion filed March 28, 1990.

Gary L. Smith, of Deffenbaugh, Loewenstein, Hagen, Oehlert & Smith, P.C., of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, So-

licitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 307 (107 Ill. 2d R. 307) from an order denying plaintiff's request for a preliminary injunction against the Department of Employment Security (Department). Plaintiff sought to enjoin the Department from holding a hearing on the issue of the status of the drivers engaged by plaintiff in its trucking business because the Department utilized unpublished rules to determine the status under section 212 of the Unemployment Insurance Act (Unemployment Act) (Ill. Rev. Stat. 1987, ch. 48, par. 322). On appeal, plaintiff contends the circuit court abused its discretion in denying the injunction on the basis that plaintiff has an adequate remedy at law. We affirm.

In 1985, defendant, Director of the Department, conducted an audit of the plaintiff, Ron Smith Trucking, Inc. (RSTI), to determine if plaintiff was in compliance with the provisions of the Unemployment Act which required contributions for employees. (Ill. Rev. Stat. 1985, ch. 48, par. 300 *et seq.*) The purpose of the audit was to determine whether RSTI's workers were independent contractors or employees. On September 28, 1987, as a result of the audit, defendant issued a notice of determination and assessment and demand for payment (notice), finding that RSTI failed to pay required unemployment insurance for its employees under the Unemployment Act and assessing unpaid contributions for the period beginning during the third quarter of 1983 through the second quarter of 1985. On October 13, 1987, plaintiff filed a protest and petition for hearing with the Department, claiming that it was exempt from unemployment insurance contributions. A hearing was scheduled for April 26, 1989.

On April 20, 1989, plaintiff filed a three-count complaint for declaratory judgment and a motion for temporary restraining order. In count I of the complaint, plaintiff alleged that when determining whether it used employees or independent contractors, the Department utilized an unpublished rule in violation of the Illinois Administrative Procedure Act (Procedure Act) (Ill. Rev. Stat. 1987, ch. 127, par. 1001 *et seq.*). Specifically, plaintiff alleged that a "worker relationship questionnaire" (WRQ) amounted to an unpublished rule and was improperly used as the basis of the Department's determination of whether a worker is an employee or an independent contractor. In count II, plaintiff alleged that the Department is required to publish rules for matters involving agency discretion and that it did not im-

plement any valid rule to determine whether a worker is an employee or an independent contractor. In count III, plaintiff claimed section 212 of the Unemployment Act is unconstitutional because it improperly delegates legislative power to the Department, is vague and indefinite, and violates due process and the equal protection clauses of the Illinois and United States Constitutions. Plaintiff requested a temporary and permanent injunction to prevent the Department from holding a hearing or collecting money, a declaration that the WRQ is void, a stay of the scheduled hearing, a declaration that section 212 is unconstitutional, and attorney fees.

On April 27, 1989, the circuit court granted plaintiff a temporary restraining order, and restrained the Department from holding a hearing until the preliminary injunction was heard. On May 8, 1989, the Department filed a motion to dissolve temporary restraining order or in the alternative to dismiss the complaint and an answer to plaintiff's complaint. Accompanying the motion were three affidavits from the Department employees. Two affidavits attested that the WRQ is used to gather information and not to determine whether a worker is an employee or independent contractor. The third affidavit from the auditor in charge of the audit of RSTI attested that the WRQ was not used in the audit of RSTI. In support of its motion, the Department argued plaintiff failed to establish the criteria necessary to obtain injunctive relief.

At a hearing on June 2, 1989, Mark Nussmeyer testified he was the auditor in charge of the RSTI audit. Nussmeyer explained that the audit was initiated after an unrelated investigation by a Department auditor revealed that RSTI carried workers' compensation insurance on its drivers and that it has some approval over the selection of drivers. Nussmeyer and three other auditors subsequently audited RSTI to determine whether RSTI drivers were employees or independent contractors. At the time of the audit, Nussmeyer testified there was no manual to direct the procedures used by auditors, but guidelines were provided to determine which records should be examined. Nussmeyer stated that in 1985, he determined whether a worker was an employee or independent contractor by using the criteria set forth in section 212 of the Unemployment Act. Nussmeyer further testified he looked at numerous factors to determine if the criteria were met, including whether the worker reported to the employer every day rather than working for a short period of time and leaving, whether the employer maintained some degree of control in the selection and supervision of drivers, and whether the worker owned one or two trucks.

As a result of the audit, the Department found that RSTI used both employees and independent contractors. Nussmeyer stated that there were no "clear-cut" guidelines in determining whether a worker was an employee, and expressed doubts about the audit to RSTI. Nussmeyer also stated he informed RSTI that it could appeal the results. Nussmeyer explained that the WRQ was not used during the audit of RSTI and was not used by the Department until April or May 1988. When the WRQ was used, it was used only to "gather information about employees."

On September 26, 1989, the trial court denied the defendant's motion to dismiss, removed from advisement the motion for preliminary injunction, the answer of defendant, and considered the evidence, arguments, and authority submitted. The trial court found that plaintiff failed to establish it would suffer irreparable injury without the issuance of a preliminary injunction and that plaintiff had an adequate remedy at law. Accordingly, the motion for preliminary injunction was denied. On October 19, 1989, a written order was entered allowing defendant's motion to dissolve the temporary restraining order, denying defendant's motion to dismiss the complaint, and denying plaintiff's motion for preliminary injunction.

Plaintiff argues it established the requisite criteria for an injunction and the trial court's denial of the injunction was an abuse of discretion and against the manifest weight of the evidence. In its brief, plaintiff argues a hearing before the Department is not an adequate remedy at law because plaintiff is assailing the Department's authority to act and the constitutionality of a provision of the statute the Department administers. Plaintiff contends the Department was without authority to utilize the WRQ as an agency rule for determining the worker's status, and points out that since this case began, the Department has adopted rules for deciding similar cases. These rules, effective January 2, 1990, parallel provisions in the WRQ. (14 Ill. Reg. 673, 675-80 (56 Ill. Adm. Code §2732.200, adopted Jan. 2, 1990).) Plaintiff states that since it cannot reasonably raise these issues in an agency hearing, such a proceeding is futile and will cause plaintiff irreparable harm. Further, plaintiff argues that since the WRQ clearly falls within the definition of "rule" set forth in section 3.09 of the Procedure Act (Ill. Rev. Stat. 1987, ch. 127, par. 1003.09), it will likely prevail on the merits of its action for declaratory judgment. In its constitutional claims, plaintiff contends section 212 of the Unemployment Act is void for vagueness, the retroactive application of the WRQ to plaintiff's case is a denial of due process, and the classifications the Department used to determine the status of the drivers are

unreasonable and violative of the equal protection guarantees.

During oral argument, plaintiff repeatedly stressed that even though it is true that the WRQ was not used in the audit of plaintiff's business, the standards set forth in the WRQ will be used in an administrative hearing against plaintiff. Additionally, plaintiff stated the affidavits attached to the motion were not admitted into evidence, were not considered by the trial court when deciding the motion, and, therefore, should not be considered by this court.

The Department maintains plaintiff did not meet the criteria for injunctive relief. Moreover, the Department argues the focus must be on the actions it took in the audit of RSTI in 1985 and not on subsequent actions in promulgating rules for these types of cases. The Department contends the WRQ is not a rule, it was not used in this case, and the Department was not required to promulgate a rule for interpreting section 212 of the Unemployment Act when there was existing case law which did just that.

We first address plaintiff's evidentiary issue raised during oral argument. We direct plaintiff to the record where the trial judge notified the parties on September 26, 1989, of his decision on the motion to dissolve or dismiss. It clearly shows the decision was based on the *documentary* and testimonial evidence presented.

 A preliminary injunction is a provisional remedy granted to preserve the status quo. (*Lee/O'Keefe Insurance Agency, Inc. v. Ferega* (1987), 163 Ill. App. 3d 997, 1002, 516 N.E.2d 1313, 1317.) A party seeking a preliminary injunction must establish by a preponderance of the evidence that (1) he possesses a certain and clearly ascertainable right needing protection; (2) there is no adequate remedy at law; (3) irreparable harm will result if it is not granted; and (4) there is a reasonable likelihood of success on the merits. (*Illinois Consolidated Telephone Co. v. Aircall Communications, Inc.* (1981), 101 Ill. App. 3d 767, 770, 428 N.E.2d 747, 750.) In addition to the above criteria, the trial court must determine whether the benefits of granting an injunction outweigh the possible injury defendant may suffer if injunctive relief was denied. (*Lee/O'Keefe*, 163 Ill. App. 3d at 1003, 516 N.E.2d at 1317.) The decision to grant or deny injunctive relief rests within the sound discretion of the trial court, and its findings will not be disturbed absent a showing that the discretion was abused. (*Carriage Way Apartments v. Pojman* (1988), 172 Ill. App. 3d 827, 835, 527 N.E.2d 89, 94.) The role of the reviewing court is limited to a determination of whether these findings are contrary to the manifest weight of the evidence. *Lee/O'Keefe*, 163 Ill. App. 3d at 1003, 516 N.E.2d at 1317.

■ Beginning with the first injunction criterion, plaintiff asserts it has a right to a fair hearing before the Department and it will not receive this because of the Department's practice of using an unpublished rule to determine worker status under section 212. Whether or not a court would find the WRQ is a rule, the record shows the Department's auditors did not use the WRQ in the audit of plaintiff's business. Further, the record does not support plaintiff's contention that the standards in the WRQ will be used in an administrative hearing to plaintiff's detriment. The evidence established WRQ was not used by the Department until 1988, more than two years after the audit in this case was completed. Plaintiff is asking the courts to determine an issue not presented in the administrative proceedings conducted in this case. Plaintiff has not established any right or interest which needs protection.

Further, plaintiff has failed to exhaust its administrative remedies, which provide plaintiff an adequate remedy at law. Administrative remedies must be exhausted before one can seek judicial review. (*Dock Club, Inc. v. Illinois Liquor Control Comm'n* (1980), 83 Ill. App. 3d 1034, 1037, 404 N.E.2d 1050, 1053.) The exhaustion doctrine allows full development of the facts before the administrative tribunal and allows the administrative agency to utilize its expertise. *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358, 326 N.E.2d 737, 742.

There are several exceptions to the exhaustion doctrine which plaintiff argues apply to this matter. Where a statute is attacked as unconstitutional in its entirety or irreparable harm will be suffered from pursuit of the administrative remedies or it would be futile to pursue the remedies, equitable relief may be sought. (*Graham v. Illinois Racing Board* (1979), 76 Ill. 2d 566, 573, 394 N.E.2d 1148, 1151.) Plaintiff does not fall within any of these exceptions. The constitutional attack on section 212 does not involve the *entire* Unemployment Act. We find plaintiff will not suffer irreparable harm in proceedings before the agency and further conclude such proceedings would not be futile. Plaintiff's assertion that the Department will find adversely to plaintiff is not supported by anything in the record. Additionally, the record shows the Department has agreed not to pursue any collection procedures through lien enforcement against plaintiff until all litigation concerning this matter is concluded. This fact distinguishes this case from *Peoples Energy Corp. v. Illinois Commerce Comm'n* (1986), 142 Ill. App. 3d 917, 492 N.E.2d 551.

Regarding plaintiff's claim that the lack of published rules renders the Unemployment Act void for vagueness, we point out that the De-

partment is not required to enact rules. Section 1701 dictates general and special rules *may* be adopted. (Ill. Rev. Stat. 1987, ch. 48, par. 611.) Administrative agencies may establish standards of conduct in applying statutes by either rulemaking or adjudication. (*Boffa v. Department of Public Aid* (1988), 168 Ill. App. 3d 139, 145, 522 N.E.2d 644, 648.) The choice lies within the agency's sound discretion. (*Boffa,* 168 Ill. App. 3d at 145-46, 522 N.E.2d at 648.) However, if an agency decides to adopt a rule, it must comply with the provisions of the Procedure Act. Ill. Rev. Stat. 1987, ch. 127, pars. 1004 through 1007.01.

As stated, we conclude plaintiff did not establish its right to injunctive relief and the trial court did not abuse its discretion in denying the request for injunctive relief. Accordingly, the order of the trial court is affirmed.

Affirmed.

LUND and SPITZ, JJ., concur.