NORTHWESTERN STEEL AND WIRE COMPANY, Plaintiff-Appellee and Cross-Appellant, v. THE INDUSTRIAL COMMISSION, Defendant-Appellant and Cross-Appellee.

First District (4th Division)    Nos. 1—92—1226, 1—92—1285, 1—92—1451 cons.

Opinion filed September 16, 1993.

Lynette Thompson-Edwards and Sidley & Austin, both of Chicago (William F. Conlon, Constantine L. Trela, Jonathan K. Baum, and Gina E. Brock, of counsel), for appellant.

. Pope & John, Ltd., of Chicago (William R. Quinlan, Neal R. Novak, Michael K. Bartosz, and Caesar A. Tabet, of counsel), for appellee.

Stevenson, Rusin & Friedman, Ltd., of Chicago (Douglas F. Stevenson, of counsel), for *amicus curiae.*

JUSTICE HOFFMAN delivered the opinion of the court:

Both the plaintiff, Northwestern Steel & Wire Company (Northwestern), and the defendant, the Industrial Commission of Illinois (Commission), appeal under Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)) from a modified temporary restraining order. The order found that the Commission's rules relating to the requirements for approval as a self-insurer for workers' compensation claims were unconstitutional. The order required the Commission to provide Northwestern with a hearing to challenge the amount of security it must post as a condition to renew its status as a self-insurer. We consider whether the trial court abused its discretion when it modified the temporary restraining order. For the following reasons, we reverse and remand with directions.

BACKGROUND

Northwestern filed a verified complaint for declaratory judgment on January 22, 1992, alleging the following facts. It was required to provide workers' compensation to its employees as an employer under the Workers' Compensation Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.*). Since 1965, the Commission approved Northwestern as a self-insurer of its workers' compensation claims and Northwestern posted security with the Commission each year in amounts from $10,000 to $200,000. In May 1991, Northwestern applied to the Commission for a renewal of its self-insured status.

While Northwestern's application was pending, the Commission amended section 7100.70 of its insurance regulations (50 Ill. Adm. Code §7100.70 (1992)), which set the process and methods the Commission used to determine whether employers should be approved as self-insurers. Under this section, employers were required to provide "security, indemnity and/or surety bond" as a condition precedent to the Commission's approval for self-insured status. (50 Ill. Adm. Code

§7100.70(c)(3) (1992).) The section also set the formula to determine the amount of an employer's security.

In a letter dated November 21, 1991, the Commission notified Northwestern that its application was approved on the condition that it post security in the amount of $8.8 million, which was calculated under section 7100.70 as amended. The first installment was due within 60 days.

In its three-count complaint, Northwestern alleged, *inter alia*, that section 7100.70 violated its due process rights and requested the circuit court to declare that the section was unconstitutional.

With its complaint, Northwestern filed motions for a temporary restraining order and a preliminary injunction to enjoin the Commission from terminating its status as a self-insurer. The day Northwestern filed its complaint, the trial court granted Northwestern's motion for a temporary restraining order without notice to the Commission. The court entered an order restraining the Commission from requiring Northwestern to post the first installment of the security, increasing the amount of the security, or issuing a notice of hearing to show cause why Northwestern's application for self-insured status should not be denied. The order was set to expire on February 3, 1992.

The Commission responded to the declaratory judgment complaint by filing a motion to dismiss arguing that Northwestern failed to state a claim upon which relief could be granted. The trial court held several hearings on the Commission's motion and continued the temporary restraining order while the motion was pending.

After considering the arguments of the parties, the court *sua sponte* entered a modified temporary restraining order on April 15, 1992, without ruling on the Commission's motion to dismiss. The court found that section 7100.70 of the Commission's rules was unconstitutional because it denied Northwestern its due process right to a hearing before the Commission could require Northwestern to post additional security as a condition to renew its self-insured status. The court found that the section was deficient because it required Northwestern to post security as a precondition to challenging the amount of the security, established a rule to show cause proceeding rather than an appeal, and failed to afford Northwestern an opportunity to present evidence that the rule establishing the security requirement was unreasonable. Based on those findings, the court modified the temporary restraining order by ordering the Commission to provide Northwestern with a hearing to appeal the amount of security required. The court further established that in the hearing, the Commission would have the burden to prove a *prima facie* case that the re-

quired security was appropriately determined under its rules and Northwestern could present evidence in rebuttal. The Commission then would decide whether the rules were correctly applied and determine whether the rules were valid or should be modified. The order also provided that the Commission's motion to dismiss was continued and the cause was stayed pending the hearing. The order recited that the temporary restraining order as modified would remain in effect until further order of the court.

The Commission and Northwestern filed interlocutory appeals from that order.

OPINION

Both of the parties contend, for different reasons, that the trial court abused its discretion in entering the modified temporary restraining order which required the Commission to provide Northwestern with a hearing.

■ Initially, Northwestern maintains that the Commission should be estopped from appealing the modified temporary restraining order because it was entered in its favor and the hearing was ordered at its suggestion. (See *J.L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.* (1985), 108 Ill. 2d 106, 483 N.E.2d 273 (party cannot claim error when it induced the trial court's mistake); *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n* (1953), 414 Ill. 275, 111 N.E.2d 329 (successful party should not be allowed to appeal when it disagrees with the findings of the trial court).) This argument is without merit. The Commission was not successful in the trial court because the hearing ordered by the court is not required under its procedural rules. Also, the record discloses that the Commission made it clear to the trial court before the order was entered that it did not agree to grant Northwestern a hearing.

■ Northwestern also maintains that by this appeal, the Commission cannot seek to reverse the temporary restraining order entered on January 22, 1992, which essentially enjoined the Commission from increasing Northwestern's security or terminating its status as a self-insurer. We agree. An appeal under Rule 307 "does not open the door to a general review of all orders entered by the trial court up to the date of the order that is appealed." (*In re Petition of Filippelli* (1990), 207 Ill. App. 3d 813, 818, 566 N.E.2d 412, 415.) Failure to appeal from an order that is immediately appealable under Rule 307 results in a bar to a review of that order on a subsequent appeal. (*Design Studio International, Inc. v. Chicago Title & Trust Co.* (1989), 185 Ill. App. 3d 797, 541 N.E.2d 1166; *Panduit Corp. v. All States*

*Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 405 N.E.2d 1316.) Because the Commission did not file a notice of appeal from the initial temporary restraining order, this court cannot consider whether that order was properly entered.

A temporary restraining order is an emergency remedy issued to maintain the status quo until a hearing can be held on a motion for a preliminary injunction. (*Peoples Gas Light & Coke Co. v. City of Chicago* (1983), 117 Ill. App. 3d 353, 453 N.E.2d 740.) The status quo is the last, actual, peaceable, uncontested status that preceded the pending controversy. (*Gold v. Ziff Communications Co.* (1989), 196 Ill. App. 3d 425, 553 N.E.2d 404.) In considering whether injunctive relief is proper, the trial court should not decide contested issues of fact or the merits of the action. (See *Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 483 N.E.2d 1271 (considering entry of preliminary injunction); *Rotary Club v. Harry F. Shea & Co.* (1983), 120 Ill. App. 3d 988, 458 N.E.2d 1002.) A trial court may modify a temporary restraining order when conditions have changed which are of sufficient importance to warrant a modification. *Field v. Field* (1967), 79 Ill. App. 2d 355, 223 N.E.2d 551; see *Benson v. Isaacs* (1961), 22 Ill. 2d 606, 177 N.E.2d 209.

Review of a temporary restraining order is limited to determining whether the trial court abused its discretion. (*Peoples Gas,* 117 Ill. App. 3d 353, 453 N.E.2d 740.) The substantive issues in the case can only be considered to the extent necessary to determine whether the trial court abused its discretion. See *Rotary Club,* 120 Ill. App. 3d 988, 458 N.E.2d 1002 (reviewing entry of preliminary injunction).

■ Northwestern claims that the order should be reversed because it effectively required Northwestern to exhaust administrative remedies before it could seek judicial review. Northwestern contends that the Commission waived the exhaustion of remedies doctrine and that an exception to the doctrine applied (see *Ron Smith Trucking, Inc. v. Jackson* (1990), 196 Ill. App. 3d 59, 552 N.E.2d 1271). However, the premise of this argument is false; rather than effectively requiring Northwestern to exhaust administrative remedies, the order created a remedy which was not provided in the Commission's rules.

As the Commission correctly argues, the order entered in this case did not preserve the status quo, which is the purpose of a temporary restraining order. The last, actual, peaceable, uncontested status of the case was that Northwestern was a self-insurer of its workers' compensation claims under the Commission's rules prior to the amendment of section 7100.70. Instead of preserving the status quo, the trial court altered the status quo when it found that the Commis-

sion's rules were unconstitutional and ordered the Commission to provide Northwestern with a hearing.

Also, in its order the trial court improperly decided the merits of the case when it found that section 7100.70 was unconstitutional. Although Northwestern contends that the finding was only preliminary, it is clear from the order that the court did not merely find that Northwestern raised a fair question as to whether section 7100.70 was unconstitutional (see *Barton*, 108 Ill. 2d 373, 483 N.E.2d 1271 (a party is not required to make a case on the merits but need only raise a fair question of a clearly ascertained right which needs protection for a preliminary injunction)). Instead, the court found that Northwestern had "a constitutional right, as a matter of due process, to a hearing," that section 7100.70 did not provide Northwestern with a "constitutionally required hearing," and that the section was "constitutionally deficient" and "invalid." These findings decided the merits of the claim.

Further, there was no showing that conditions had changed since the temporary restraining order was entered on January 22, 1992, which would justify modifying the order. The record also indicates that neither party requested the court to modify the order.

As a result, for the foregoing reasons, the trial court abused its discretion when it entered the modified temporary restraining order.

Northwestern asserts that if this court reverses the modified temporary restraining order, it cannot reverse the finding in the order that the section was unconstitutional because a finding is not appealable. The only cases Northwestern relies on that warrant discussion are *Mobil Oil Corp. v. Hurwitz* (1978), 63 Ill. App. 3d 430, 380 N.E.2d 49, and *People ex rel. Stony Island Church of Christ v. Mannings* (1987), 156 Ill. App. 3d 356, 509 N.E.2d 572. In both cases, parties who were successful in the trial court cross-appealed to reverse findings of the court which were adverse to them. The appellate court in both cases dismissed the appeals because a finding is not an appealable order under Rule 307(a)(1). Those cases do not support Northwestern's position. Here, the finding and the order were adverse to the Commission and the Commission properly appealed the order under Rule 307(a)(1). Because the trial court erred in making a finding that was a decision on the merits, it cannot be allowed to stand while the order is reversed.

The parties also dispute whether Northwestern showed a likelihood of success on the merits of its due process claim. (See *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1976), 63 Ill. 2d 514, 349 N.E.2d 36 (a temporary restraining order entered

with notice and not of limited duration requires a showing of likelihood of ultimate success on the merits).) However, this court can only review the substantive issues of the case to the extent necessary to determine whether the trial court abused its discretion. Because we have found that the trial court abused its discretion by altering the status quo, deciding the merits, and modifying the order without changed conditions to warrant it, it is not necessary to consider the substantive issues any further.

We acknowledge the Commission's argument that the order appealed from, although characterized as a modified temporary restraining order, was actually a mandatory preliminary injunction. The order was mandatory in nature because it required the Commission to provide Northwestern with a hearing. The supreme court has recognized that in practical result a temporary restraining order and a preliminary injunction both entered with notice and not of limited duration are the same type of relief. (*Kable*, 63 Ill. 2d 514, 349 N.E.2d 36.) Under these circumstances, a temporary restraining order is the "functional equivalent" of a preliminary injunction. (*Mister v. A.R.K. Partnership* (1990), 197 Ill. App. 3d 105, 110, 553 N.E.2d 1152, 1155.) Here, the order was entered with notice to the Commission and was of unlimited duration because it was to remain in effect until further order of the court. (Compare *Kable*, 63 Ill. 2d 514, 349 N.E.2d 36 (order was of unlimited duration when it was to remain in effect until further order of court), with *Stanton v. City of Chicago* (1988), 177 Ill. App. 3d 519, 532 N.E.2d 464 (order was of limited duration when it would remain in effect until further order of court and hearing date was set for preliminary injunction).) As a result, the order in this case was the functional equivalent of a preliminary injunction. Whether the order is characterized as a modified temporary restraining order or a mandatory preliminary injunction would not change the result in this case.

For the foregoing reasons, the temporary restraining order entered January 22, 1992, remains in effect, the modified temporary restraining order entered April 15, 1992, is reversed, and the cause is remanded with directions to the trial court to rule on the Commission's motion to dismiss.

Reversed and remanded with directions.

CAHILL, P.J., and JOHNSON, J., concur.