(No. 38948.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, *vs.* DAN H. MCNEAL *et al.,* Appellees.

*Opinion filed Sept. 28, 1965.—Rehearing denied Nov. 18, 1965.*

WILLIAM G. CLARK, Attorney General, of Springfield, (BERNARD J. MORAN, RICHARD E. QUINN, and HAROLD G. ANDREWS, Assistant Attorneys General, of counsel,) for appellant.

HENRY W. McNEAL.and EAGLE & EAGLE, both of Rock Island, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This eminent domain proceeding was filed by the Department of Public Works and Buildings for condemnation of an additional strip of land adjacent to an existing highway from two adjoining farms. The Department filed a motion for immediate vesting of title. The defendants sought a dismissal of the petition, or in the alternative, asked that a bridge be so constructed as to permit defendants to use it as an underpass and that the court provide for different points of access than those provided by the plans. The circuit court of Rock Island County found that the Department had authority to exercise the right of eminent domain, that the properties were subject to the right, and that a reasonable necessity existed for taking possession. The court also directed that the plans should be changed in accordance with the alternative prayer of the defendants' motion. The Department appeals contending that when the trial court found the right and necessity to condemn existed, that it had no power to prescribe the size and use of a bridge or the places of access and that in doing

so it violated article III of the constitution providing for separation of powers and infringed the sovereign right of the State to exercise the power of eminent domain.

Dan H. McNeal is the owner of the eastern farm, and he and other defendants own the farm abutting it on the west. A two-lane State highway known as Routes 2 and 92 runs through the north portion of the farms. The Department proposes to reconstruct by making a divided four-lane limited access highway with two 24-foot lanes of pavement on each side of a median strip. It proposes to take a strip along the south side of the existing highway which would include 5.83 acres from the eastern farm and 2.82 acres from the western farm. The amended petition alleges the necessity to acquire all of defendants' access from the two farms except for direct access entrances with crossings at grade over the freeway, and a parallel all-weather frontage road. The crossings and appurtenant entrances are limited to remain in effect only as long as they are used for farming purposes or single-family use and not used for commercial purposes. Limited access for the eastern farm is provided on the east side and is also to be used by the neighboring farm next east. Access for the western farm is on its east side just short of the section line between the two farms.

A creek runs southerly through the eastern farm. There presently exists under the two-lane highway a bridge with a 30-foot horizontal span with 8-foot clearance which has been used by the owners as an underpass for cattle and machinery. The bridge under the new portion opposite the old is to have 16-foot horizontal span and an 8-foot depth. The continued use of the creek bed as an underpass is not provided for in the plans.

Defendants' alternative motion contends for limited access for the eastern farm at its present location just east of the creek about 900 feet to the west of the new outlet, and public access at station 191 + 66 on the section line between

the farms rather than the limited access provided 11 feet further west at station 191 + 55.

Prior to the time of filing the petition the Department offered to modify the plans by permitting public rather than limited access at station 191 + 55, provided that a 60-foot roadway be dedicated south to the south line of defendants' land. This offer was not renewed after filing of the petition and no proof is made of the dedication of a roadway.

The right of eminent domain is inherent in the State, subject however, to the constitutional provision (section 13 of article II) for just compensation, and the exercise of its powers of sovereignty is regulated by the General Assembly. The Illinois Highway Code, (Ill. Rev. Stat. 1963, chap. 121, pars. 1—101 *et seq.*,) delegates to the Department of Public Works and Buildings full authority for the design, construction, operation and maintenance of State highways, including the determination of methods of highway construction adapted to various sections of the State, determination and approval of plans and specification for construction, and the right to acquire access rights or easements of access in addition to all other necessary property rights. Under this statutory directive the Department prepared plans and specifications for the reconstruction of the highway in question, by which existing accesses were eliminated and others substituted.

The trial court found that the Department had the right to exercise the power of eminent domain, and that a reasonable necessity existed for taking possession of the property and the rights sought. The sole question, therefore, is whether the Department abused its authority with respect to the size of the bridge span and the points of limited access.

"The general rule is that, where the right of eminent domain is granted, the necessity for its exercise, within constitutional restrictions, is not a judicial question, and its exercise is not a proper subject for judicial interference

or control unless to prevent a clear abuse of such power." (*Department of Public Works and Buildings* v. *Lewis*, 411 Ill. 242, 246. See also *Department of Public Works and Buildings* v. *Farina*, 29 Ill.2d 474.) This record does not bear out the finding of abuse implicit in the court's order directing changes in purely engineering design. True, some hardship may ensue because of the limited access and inability to use the underpass, but that goes solely to the amount of compensation and not to the State's right to restrict use of the highway and its approaches. There is also some argument revolving around the question of providing public access apparently because public access was offered preliminarily while the petition provides limited access only. This is well within the authority of the Department and failure of the State to include public access, as we have just pointed out, merely involves the amount of compensation to which the owners may be entitled.

We are of the opinion that the judgment order contravened the provisions of article III of the constitution by this attempt on the part of the judiciary to interfere with the powers of a co-ordinate branch of government.

The order of the circuit court of Rock Island County is reversed and the cause is remanded with directions to enter an order consistent with the views herein expressed.

*Reversed and remanded,*
*with directions.*