(No. 41591.—

GRENIER & Co., INC. *et al.,* Appellants, *vs.* ADLAI E. STEVENSON III, State Treasurer, *et al.,* Appellees.

*Opinion filed April 23, 1969.*

THOMAS J. BOODELL and WAYLAND B. CEDARQUIST, both of Chicago, (BOODELL, SEARS, SUGRUE & CROWLEY, of counsel,) for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, (JOHN J. O'TOOLE and DONALD J. VEVERKA, Assistant Attorneys General, of counsel,) for appellees.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This suit questions the constitutionality of the new minimum tax imposed by the Illinois Supplemental Corporate Franchise Tax Act of 1967. (Ill. Rev. Stat. 1967, ch. 32, par. 157.133.) This act establishes a minimum annual franchise tax of $100.

The plaintiffs are three small Illinois corporations, each of which paid the minimum tax under protest. They filed suit in the circuit court of Cook County challenging the constitutionality of the tax. They obtained the issuance of an injunction requiring that their tax payments be held in the protest fund until final disposition of the suit. Plaintiffs have grounded their action upon the claim that the statute is unconstitutional under the Illinois constitution for failure to comply with the uniformity provisions of section 1 of article IX; and for failure to provide equal protection of the laws required by the fourteenth amendment to the constitution of the United States. The combined annual franchise tax and supplemental franchise tax is 1/10 of 1% (.1%) of stated capital and paid-in surplus. By increasing the minimum tax to $100 per year it is argued that smaller corporations will be paying in excess of the .1% paid by larger corporations without justification for the distinction.

The trial court, after argument on a motion to dismiss, entered an order holding the tax to be constitutional and dismissed the complaint. The plaintiffs have appealed from that judgment order pursuant to our Rule 302(a)(2) al-

lowing direct appeal from the circuit court to the Supreme Court in cases involving a question arising under the constitutions of the United States and of this State.

The first issue is whether the new minimum tax imposed by the supplemental Act of 1967 is unconstitutional as being contrary to the requirements of section 1 of article IX, of the Illinois constitution, which provides that the General Assembly has power to tax corporations owning or using franchises and privileges "in such manner as it shall from time to time direct by general law, uniform as to the class upon which it operates."

As previously indicated, the present tax rate for the combined annual franchise tax and the supplemental franchise tax is $\frac{1}{10}$ of 1% of stated capital and paid-in surplus with a minimum of $100 per year. (Ill. Rev. Stat. 1967, ch. 32, par. 157.133.) This results in all cases where the combined stated capital and paid-in surplus is $100,000 or less in the corporation paying the minimum tax of $100 per year and where the corporation with combined stated capital and paid-in surplus in excess of $100,000 per year pays the graduated rate of $\frac{1}{10}$ of 1%.

The plaintiffs allege, therefore, that the supplemental tax, by imposing a $100 minimum tax on corporations having a combined stated capital and paid-in surplus of less than $100,000 and by imposing a tax of $\frac{1}{10}$ of 1% of combined stated capital and stated surplus on other Illinois corporations creates an arbitrary classification of such corporations without any reasonable basis in law.

In order to prevail on an allegation that a statute or portion of a statute is unconstitutional, the plaintiff has the burden of showing how the legislature has violated the constitution. *Reif v. Barrett,* 355 Ill. 104.

The only rule of uniformity required with respect to taxes on franchises is that they shall be uniform upon the class on which they operate. (*Harder's Fire Proof Storage and Van Co. v. City of Chicago,* 235 Ill. 58.) The legisla-

ture has broad discretion in establishing the classes and sub-classes which are to be taxed (*Fiorito* v. *Jones*, 39 Ill.2d 531), and the basis on which classes are determined need only be reasonable. *Mutual Tobacco Co.* v. *Halpin*, 414 Ill. 226.

The passage of the 1967 Supplemental Corporate Franchise Tax Act resulted only incidentally in the creation of the two classes of corporations upon which plaintiffs base their argument. We assume the legislature had grounds on which to establish a minimum $100 tax on each corporation. Even standing alone, $100 is not such an unreasonable charge for the services performed by the corporation division of the Secretary of State's office that we should strike it down. The minimum $100 tax applies to all corporations and as such is uniform.

It is the burden of the plaintiff to show that a tax challenged as being unconstitutional bears no reasonable relation to the privilege granted. (*Bode* v. *Barrett*, 412 Ill. 204, at 227.) That there are other corporations paying franchise taxes in excess of the minimum $100 per year provides no grounds for complaint by plaintiffs in this case.

The second issue raised by petitioners is that the arbitrary classification of corporations, based on whether or not their combined capital and paid-in surplus is less than or exceeds $100,000, is unreasonable and thus denies equal protection guaranteed by the fourteenth amendment to the constitution.

Petitioners cite *Stewart Dry Goods Co.* v. *Lewis*, 294 U.S. 550, 79 L. Ed. 1054, 55 S. Ct. 525, wherein the Supreme Court held that a graduated tax measured by gross sales with a certain rate on the first $40,000 increasing to 20 times that rate on sales over $1,000,000 violated the equal-protection clause on the grounds that the classification was based solely on volume without any reasonable relation to the subject being taxed.

In the franchise-tax statute which we are considering, the classification is only incidental to the franchise-tax scheme. It is not an arbitrary classification having no reasonable relation to the subject being taxed, such as in *Stewart Dry Goods Co.* The $100 minimum tax applies to all corporations and it cannot be said, without greater proof than we have before us, that the legislature was incorrect or unreasonable in finding this to be the fundamental cost applicable to all corporations. (*Stewart* v. *Brady,* 300 Ill. 425.) Inequities that result incidentally will not defeat a tax. *Bode* v. *Barrett,* 412 Ill. 204.

With respect to the equal-protection issue, the petitioners rely on the inequity of a smaller corporation paying a franchise tax which bears a greater proportion to its stated capital and paid-in surplus than a larger corporation. If a tax is otherwise reasonable in relation to the privilege granted, the fact that it bears more heavily on one than another is irrelevant. *Fox* v. *Standard Oil Co. of New Jersey,* 294 U.S. 87, 79 L. Ed. 780, 55 S. Ct. 333; *Metropolis Theatre Co.* v. *City of Chicago,* 246 Ill. 20, 228 U.S. 61, 57 L. Ed. 730.

The reasonableness of the classification determines the question of whether petitioners have been denied equal protection, and we hold that the $100 minimum annual corporation franchise tax is reasonable in relation to the privilege granted and that the resultant distinction between corporations having a combined stated capital and paid-in surplus of less than $100,000 and those having more than $100,000 does not result in a denial of equal protection.

The final issue raised by petitioners is that the Illinois Supplemental Corporate Franchise Tax Act of 1967, set out in section 133 of the Business Corporation Act, (Ill. Rev. Stat. 1967, ch. 32, par. 157.133), conflicts with section 134 of the same Act (Ill. Rev. Stat. 1967, ch. 32, par. 157.134), which since 1934 has contained a $10 minimum

annual franchise tax, and as a result the Franchise Tax Act of 1967 in this regard is alleged to be vague and thus void as a violation of due process.

It is a recognized principle of statutory construction that, where two statutes are irreconcilably repugnant, the later abrogates the earlier to the extent they are inconsistent, since it cannot be supposed that the General Assembly intends to enact and enforce laws which are contradictory. *People* v. *Maslowsky,* 34 Ill.2d 456.

For these reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*