ROBERT B. COLVILLE et al., Plaintiffs-Appellees, v. THE CITY OF ROCHELLE et al., Defendants-Appellants.

(No. 70-48; ■■■■■■■■■■■■■)

Second District—November 4, 1970.

542

Puklin, Nelson & Dunn, of Aurora, and David K. Guest, of Rochelle, for appellants.

Canfield, Canfield, Franks, Wylde & Hoad, of Rockford, for appellees.

Mr. PRESIDING JUSTICE DAVIS delivered the opinion of the court:

This is an appeal from a decree wherein the trial court granted an injunction in favor of the plaintiffs and against the defendants, the City of Rochelle, and certain of its officers and employees. The decree permanently enjoined the defendants from taking steps to open 14th Street, between 10th Avenue and Highland Road, in the City of Rochelle, and further restrained all of the defendants from expending any taxpayers' funds for this purpose.

In February of 1969, the City of Rochelle Planning Commission made recommendations to the Rochelle City Council for the extension of certain north-south streets in the city, including 14th Street. Resolutions were duly passed by the City Council in April of 1969, which provided that 14th Street be designated an arterial street from 8th Avenue north to the city limits; that the construction of this street be authorized; and that the sum of $55,000 be appropriated for this improvement from the city's allotment of motor fuel taxes.

The Illinois Department of Public Works and Buildings, Division of Highways, approved the resolutions adopted by the City Council and notified the City of Rochelle of its action allotting $55,000 in motor fuel tax funds for the construction of 14th Street.

Thereafter, the plaintiffs, who were residents and property owners of the City of Rochelle, filed their complaint for an injunction to enjoin the city, and its officials and employees, from opening and paving that portion of 14th Street between 10th Avenue and Highland Road, and from expending motor fuel tax funds for this purpose. The plaintiffs alleged, in essence, that they had no adequate remedy at law; that the city had failed to comply with applicable statutes and ordinances in its plan for construction of 14th Street; that the proposed street would be too narrow to be adequate for an arterial street; that it would create a serious and dangerous traffic problem and would not benefit any person or persons; that the proposed street would depreciate their property values, and that the city had failed to comply with the applicable statutes relating to the use of motor fuel tax funds.

The right-of-way for that portion of the 14th Street extension herein involved was dedicated to the City of Rochelle in the plat of Westview Subdivision, which was filed by John Tilton approximately fifteen years ago.

At the trial, the plaintiffs called fifteen witnesses. Ten of the witnesses were plaintiffs and two were persons connected with a nearby church. Each testified that in his opinion the proposed street would be too narrow, would cause traffic hazards and reduce the value of his property. A real estate man also testified that the proposed street extension would depreciate the value of the plaintiffs' properties.

The mayor of the City of Rochelle was called as a witness for the plaintiffs and testified that he did not favor the proposed extension; that he opted an alternate street, and that his views were fully presented to the City Council before it adopted the resolutions in question.

The defendants' evidence included testimony of the city engineer which, among other things, was to the effect that the proposed project would neither create a dangerous traffic situation nor contribute to traffic congestion; and that it would relieve existing traffic congestion primarily found on U.S. 51, or 7th Street, which is the main north-south thoroughfare through the city.

An engineer for the Illinois Department of Public Works and Buildings, Highway Division, was a witness for the defendants and testified that his Department had approved this project and had allotted motor fuel tax funds for the construction of 14th Street. He also testified that there is no minimum width requirement for municipal streets as a condition precedent to the expenditure of motor fuel tax funds for their construction: that after investigation, the Department estimated that the future traffic on the proposed street would approximate eight hundred cars a day; that the contemplated width of the street would be sufficient

for its estimated traffic; and that he was not aware of any circumstances which would make this a dangerous street or a traffic hazard.

The defendants also called Robert Troop, a member of the City Council and Planning Commission, as a witness. He testified that the 14th Street project was only one of three proposed by the Commission as an overall plan to improve north-south traffic flow through the city.

The trial court, in its decree ordering the injunction, found that the proposal to build a road of less than forty feet in width would create a dangerous and serious traffic problem, and would not permit parking or the proper removal of snow; that traffic would congest at the end of the street and cause a serious problem at that point; and that 15th Street would represent a safer, more adequate and serviceable alternative.

Inasmuch as the particular portion of 14th Street involved in this appeal was acquired by dedication in 1954, no actual taking of land was involved. The right-of-way is only forty feet in width, and the street itself is to be only 30 feet in width. One of the plaintiffs' principal contentions is its inadequacy in this respect. The plaintiffs' complaint points out that the proposed width is narrower than that required in the Comprehensive Plan of the City of Rochelle or the City of Rochelle Subdivision Control Ordinance. However, the Comprehensive Plan is applicable only to future subdivision platting as is the Control Ordinance, which sets forth the land improvements required to be installed or constructed by developers as a prerequisite to approval by the City Council of the proposed subdivision plats. Neither Plan nor Ordinance imposes any restriction or limitation upon the manner or method to be used by the City to provide public streets. They do specify, however, what the City will require from others.

The authority of a municipality to construct and maintain public streets is unmistakable, (Ill. Rev. Stat. 1969, ch. 121, par. 7—101,) and the authority to use motor fuel tax funds for this purpose is likewise clear under the appropriate statutes. Ill. Rev. Stat. 1967, ch. 121, par. 7—201, 7—202, 7—202.2.

In *Hoerrmann v. Wabash Ry. Co.* (1923), 309 Ill. 524, the power of the trustees to vacate a particular street was raised before the court. At page 531, the court stated that the village holds its streets in trust for the benefit of the public; that the care and supervision of the streets is committed to the president and board of trustees of the village; that their judgment, if fairly exercised, with reference to the public necessity for a street and the requirements of the public interest, is not subject to control of the courts; that it is only where it is apparent that their action, with respect to the streets, has been taken without regard to public interests that such action will be declared void; and that even though

a court may disagree with their wisdom or judgment, it will not undertake to substitute its own judgment for that of the trustees on the issue.

In considering the question of the width of the street, the court, at page 532 stated that whether the particular width "sufficiently meets the public interest is a question primarily for the board of trustees to determine. That question depends upon the character of the locality and its relation to other parts of the village, the manner of its present or probable future use, the nature and amount of the established business, and present and probable future requirements of the public. It is not a judicial question but a legislative question and one which is entirely committed to the discretion of the trustees."

■■ It is apparent from the testimony that there was a genuine difference of opinion between the plaintiffs and the defendants as to the efficacy of the proposed 14th Street extension. It also appears from the decree entered herein that the trial court concurred with the judgment of the plaintiffs. However, neither the record nor the decree suggest that the action of the city authorities was prompted by improper motives or that the determination of the city was so unreasonable, arbitrary, or oppressive as to render it void. Under these circumstances, the trial court should not have interfered with the legislative action of the city. *City of Chicago v. Thielans* (1929), 334 Ill. 231, 232.

The determination of the necessity for opening the street in question, its width and the use of motor fuel tax funds for its construction, are left by statute to the municipal authorities and the Department of Public Works. The decree of the trial court is without support which shows an abuse in the exercise of these legislative powers; it constitutes judicial interference with the powers of the coordinate legislative branch of our government in contravention of Article III of our State Constitution. *Dept. of Pub. Wks. and Bldgs. v. McNeal* (1965), 33 Ill.2d 248, 252; *Chicago v. National Management* (1959), 22 Ill.App.2d 445, 454, 455.

Aside from the merits of the case, we deem it appropriate to note that Supreme Court Rule 341 (Ill. Rev. Stat. 1969, ch. 110A, par. 341) sets forth the requirements for briefs filed in this court. In addition to "Points and Authorities," the Rule provides that the portion of the brief entitled "Argument," shall contain the contention of the party and the reasons therefor, with citation of the authorities and the pages of the record relied on, and that points which are not argued, are waived.

■■ The appellee's brief contains only the quotation of the memorandum opinion of the trial court as the argument on which the judgment should be sustained. This procedure was not particularly helpful to the court in the presentation of the appellee's theory of the case, or of their points which were relied upon for its affirmance; neither was it a mean-

ingful compliance with Supreme Court Rule 341. We prefer the correlation of the "Argument" portion of the brief with the "Points and Authorities," and that it contain the contentions of the parties and the reasons therefor with appropriate citations and record references.

The decree of the trial court is reversed, and it is ordered that the injunction writ issued pursuant to that decree be, and it is hereby dissolved.

Decree reversed and injunction writ dissolved.

MORAN and SEIDENFELD, JJ., concur.