THE COUNTY OF COOK, Plaintiff-Appellee, v. THE VILLAGE OF ROSEMONT, Defendant-Appellant (Jam Productions, Ltd., Defendant).

First District (4th Division)   No. 1—97—2472

Opinion filed December 11, 1997.

714

Peter M. Rosenthal and Simone M. Boutet, both of Rosenthal, Murphey, Coblentz & Janega, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Patricia M. Shymanski, Patricia M. Moser, Paul Castiglione, and Sanjay T. Tailer, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

This case represents a turf war between Cook County (the County) and the Village of Rosemont. The County imposes a tax from patrons of places of amusement—charging owners, managers, and operators with the duty of collecting the taxes. Rosemont owns, manages, and controls places of amusement. It does not want the tax to be collected at those places and it said so in an ordinance.

Our decision in this case does not resolve the dispute. Hopefully, it will get it back on track.

BACKGROUND

On November 22, 1996, Cook County enacted an amusement tax ordinance, effective February 1, 1997 (amended on March 18, 1997). The ordinance imposed a 3% tax on the patrons of any "amusement" (as that term was defined in the ordinance) that took place in the County. The ordinance also made it the duty of "every owner, manager, or operator of an amusement *** to secure from each patron the tax imposed" and register as a tax collector.

The Village of Rosemont (the Village), as owner of certain Village facilities, including the Rosemont Horizon, the Rosemont

Convention Center, and the Rosemont Theater, opposed the tax. The Village believed that the County tax would "deter persons who promote and produce events such as shows, concerts, and public exhibitions from booking such events" at the Village facilities and thereby reduce revenue to the Village.

The Village, however, did not bring an action against the County to challenge the tax. Rather, the Village enacted its own ordinance (Village of Rosemont, Ill., Ordinance No. 97—1—8) with the specific and stated intention of creating a conflict with the County ordinance. The Village ordinance provided that the Village of Rosemont and its officers and employees "shall not" collect the County amusement tax "from any person who attends or participates in an amusement that occurs at a Village facility." Village of Rosemont, Ill., Ordinance No. 97—1—8. The Rosemont ordinance also affirmatively stated that persons attending an amusement at a Village facility "shall not be subject to the County Amusement Tax." Village of Rosemont, Ill., Ordinance No. 97—1—8.

The Village enacted its ordinance in reliance on article VII, sections 6(a) and (c), of the Illinois Constitution, which state in pertinent part:

> "(a) *** Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt.
>
> ***
>
> (c) If a home rule county ordinance conflicts with an ordinance of a municipality, the municipal ordinance shall prevail within its jurisdiction." Ill. Const. 1970, art. VII, §§ 6(a), (c).

On March 12, 1997, the County brought an action against the Village of Rosemont for *mandamus*, injunction, and other relief, seeking to compel the Village to collect and remit the County amusement tax in accord with the County ordinance. In an amended complaint filed April 28, 1997, the County added allegations that the Village exceeded its authority under the Illinois Constitution when it enacted the ordinance and that the Village ordinance was unconstitutional because it had extraterritorial effect. The County requested a declaration that the Village ordinance was void and unconstitutional. In a separate petition filed with the amended complaint, the County sought a preliminary injunction to compel the Village's compliance with the County amusement tax ordinance, that is, to require the Village to collect the County tax.

Both parties submitted briefs on the petition for preliminary

injunction and a hearing was held on June 27, 1997. No evidence or testimony was taken at the hearing. After the hearing the trial court entered an order denying the County's petition for preliminary injunction. In addition, however, the court ruled that the Village ordinance was unconstitutional.

At a later hearing on July 8, 1997, the court explained that it denied the County's motion for preliminary injunction because the County had an adequate legal remedy—administrative action to enforce its tax ordinance. The court stated, however, that it had ruled on the declaratory judgment count "on the merits" when it found, as a matter of law, that the Village ordinance was unconstitutional.

Both parties expressed surprise that the court intended to enter an order on the declaratory judgment count when only a petition for preliminary injunction was before the court on June 27. There was some discussion over the finality and appealability of the ruling. It was suggested that the order was, in actuality, a grant of summary judgment on count IV, which sought declaratory judgment. As such, it was an interlocutory order, but not appealable unless Rule 304(a) (134 Ill. 2d R. 304(a)) language was added.

The court agreed that summary judgment was being entered on the count, but expressed its belief that the ruling was appealable because it was part of the judgment denying a preliminary injunction and refused to enter Rule 304(a) language. The court also said that while it believed it was implicit in the court's ruling that the ordinance was unconstitutional, it would add language enjoining the Village from enforcing the unconstitutional ordinance. This, the court said, would insure the appealability of the order.

An amended order was entered July 8, 1997, in which the court ordered the Village of Rosemont be enjoined from enforcing its ordinance based on its unconstitutionality.

The Village filed a notice of appeal on July 9, 1997. Although it is the prevailing party on the petition for preliminary injunction (the petition that was before the court), the Village appeals the remainder of the order, which held the Village ordinance unconstitutional and enjoined the Village from enforcing its ordinance. The Village brings the appeal pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)), which provides for interlocutory review of an order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction."

DECISION

This case presents an unusual and intriguing situation. Appeal is

brought pursuant to Supreme Court Rule 307(a), from an interlocutory order granting an injunction. However, the injunction that was granted and that this court is asked to review is not the injunction sought in the petition brought by the County of Cook. The County's petition sought an injunction to compel Rosemont to collect the taxes as required by the County amusement tax ordinance. That request was denied and the propriety of that ruling is not being appealed by the County or the Village.

The injunction that the Village asks this court to review was issued as an adjunct to the decision to declare the Village ordinance unconstitutional. The trial court entered an order enjoining the Village of Rosemont from enforcing Village ordinance No. 97—1—8, after it ruled that the Village ordinance was unconstitutional. That injunction is being appealed.

■ Generally, when an appeal is brought pursuant to Supreme Court Rule 307(a), the reviewing court considers the propriety of the trial court's decision to grant or deny the preliminary injunction requested. *Schweickart v. Powers*, 245 Ill. App. 3d 281, 613 N.E.2d 403 (1993). In assessing the trial court's ruling, the reviewing court ascertains whether the party requesting the injunctive relief has (1) demonstrated a clear and certain right that needs to be protected, (2) shown that irreparable harm will be suffered without the injunction, (3) demonstrated that there is no adequate remedy at law, and (4) shown a likelihood of success on the merits. *Magee v. Huppin-Fleck*, 279 Ill. App. 3d 81, 664 N.E.2d 246 (1996).

■ In reviewing the trial court's decision, this court is limited to determining whether the trial court abused its broad discretionary powers in granting or denying the injunction. *Vasquez v. City of Woodstock*, 242 Ill. App. 3d 766, 771, 611 N.E. 2d 44 (1993). In that context, it is appropriate to consider whether the trial court's ruling preserves the status quo while a hearing on the merits is pending, one of the prime purposes for granting a preliminary injunction. *Continental Cablevision of Cook County, Inc. v. Miller*, 238 Ill. App. 3d 774, 606 N.E.2d 587 (1992); *Lake Louise Improvement Ass'n v. Multimedia Cablevision of Oak Lawn, Inc.*, 157 Ill. App. 3d 713, 718, 510 N.E.2d 982 (1987).

■ In *Lake Louise Improvement Ass'n v. Multimedia Cablevision of Oak Lawn, Inc.*, the court stated that, as a general rule, a trial court should not resolve a question on the constitutionality of a statute when ruling on an application for a temporary injunction. Constitutionality of a statute should be resolved only, if at all, to the extent required by the matter before the court. "[A]ny injunction must be reasonable and go no further than is essential to safeguard

plaintiffs' rights." *Lake Louise Improvement Ass'n,* 157 Ill. App. 3d at 717.

The issue before the trial court was whether the County would be irreparably harmed by Rosemont's continued refusal to collect the taxes required by the County amusement tax ordinance. Though the County did seek, in its case in chief, a declaration that the Rosemont ordinance was invalid and unconstitutional, that issue was not before the court on June 27, 1997, nor was a constitutional determination necessary to the court's decision on the injunction. If the court were to grant the preliminary injunction requested, it would have to find a *likelihood* that the ordinance relied on by Rosemont to exempt itself from the operation of the County ordinance would be declared invalid at a later stage of the proceedings.

Though it might be arguable that the trial court could have ruled on the constitutionality of the Village ordinance to support its decision to grant preliminary injunctive relief, the court, incongruously, denied the preliminary injunction requested by the County. It is clear, therefore, that the court's determination that the Village ordinance was unconstitutional was not necessary to the decision that was before the court or "essential to safeguard plaintiff's rights."

■ Even if we consider the propriety of the trial court's injunctive order on its own merits, outside the context of the court's determination on the preliminary injunction requested by the County, we find little justification for the court's determination. The purpose of a temporary injunction is to prevent a threatened wrong or the further perpetration of an injury in the interim before a full hearing on the merits of the case can be held. *Toushin v. City of Chicago,* 23 Ill. App. 3d 797, 320 N.E.2d 202 (1974).

■ In this case, after a brief hearing held for the purpose of determining whether to grant or deny a preliminary injunction, and without the benefit of evidence or testimony, the trial court resolved the defining issue in the case—whether the Village had the authority, under the Illinois Constitution, to enact legislation in conflict with the County ordinance and thereby exempt itself from the requirements of the County ordinance. The injunction flowed from that decision. This situation is a complete turn-about from the usual circumstances—where a court is asked to enter a preliminary injunction and must make a constitutional ruling in deciding whether an injunction is proper.

The order enjoining the Village of Rosemont from enforcing its ordinance is not in the nature of a preliminary injunction, but a permanent one. The injunction does not preserve the status quo.

We conclude the temporary injunction in this case, granted in

conjunction with a summary judgment order on a matter not before the court at the time, was improvidently granted. It is clear to us the order was entered as a vehicle for obtaining appellate review of the order declaring Rosemont ordinance 97—1—8 unconstitutional. That is not the proper office of a temporary injunction. The trial court exceeded the scope of matters before it at the preliminary injunction hearing on June 27, 1977.

Because we vacate the temporary injunction, we also vacate the order finding the ordinance unconstitutional. See *Northwestern Steel & Wire Co. v. Industrial Comm'n*, 254 Ill. App. 3d 472, 477, 627 N.E.2d 71 (1993).

If ordinance 97—1—8 is constitutionally valid, it will have a grave impact on relations between the County and the Village. The question is too significant to be dealt with in an offhand manner. There should be a complete hearing and a considered judgment when the decision is made.

In addition, we note the trial judge's finding of unconstitutionality was based on his view that the "subject matter of the ordinance [owning and managing places of amusement] is a non-governmental function" within the meaning of article VII, section 6(a), of the Illinois Constitution. For that reason, he did not reach the conflict and prevalence issue created by section 6(c). He said: "I do not reach the conflict question."

At oral argument, the County informed us it thought the judge was wrong when he relied on the "government and affairs" provision of section 6(a). That leaves the trial judge's decision without a principled underpinning. The County contends the right reason for finding the ordinance unconstitutional is that it purports to tell the County when, where, and whether county taxes may be collected. That may be the County's reason, but it was not the trial judge's reason.

We express no opinion on the merits of the dispute over validity of the ordinance. On remand, the trial judge will consider whether the ordinance survives section 6(a) analysis. If it does, the trial judge then will examine section 6(c) to determine whether the ordinance trumps the County tax at Village amusement facilities. Once those decisions are made, we are confident the trial judge will proceed according to law.

## CONCLUSION

The trial court's orders finding Rosemont Village ordinance 97—1—8 unconstitutional and granting a temporary injunction barring

its enforcement are vacated. This cause is remanded for proceedings consistent with this opinion.

Vacated and remanded.

CERDA, P.J., and McNAMARA, J., concur.