FOURTH DIVISION

No. 1-10-0027

| | | |
|---|---|---|
| STEVEN M. ROSENZWEIG, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 09 CO EL 066 |
| | ) | |
| ILLINOIS STATE BOARD OF ELECTIONS, Sitting as | ) | |
| the State Officers Electoral Board, its Members Bryan | ) | Honorable |
| Schneider, Chairman, and Members Albert Porter, Jesse R. | ) | Susan Fox Gillis, |
| Smart, Wanda L. Rednour, Robert J. Walters, Patrick A. | ) | Judge Presiding. |
| Brady, William M. McGuffage and John R. Keith, | ) | |
| Respondents, | ) | |
| | ) | |
| (Cynthia R. Hebda, | ) | |
| | ) | |
| Respondent-Appellant). | ) | |
| | ) | |

PRESIDING JUSTICE GALLAGHER delivered the judgment of the court, with opinion. Justices Neville and Pucinski concurred in the judgment and opinion.

**OPINION**

On November 2, 2009, respondent-appellant, Cynthia R. Hebda, filed nominating petitions for the Republican nomination for Representative in the General Assembly for the 59th Representative District with the State Officers Electoral Board (Board). In response to an objector's petition filed by petitioner-appellee, Steven M. Rosenzweig, the Board determined that although Hebda signed a nominating petition for a Democratic candidate, her nomination papers were valid. The circuit court of Cook County reversed the Board's decision and ordered that Hebda's name be removed from the ballot for the February 2, 2010, primary election. Hebda appealed. On January 19, 2010, this court entered a one-page order affirming the judgment of the

circuit court and stating that a written opinion or order of the court would follow. The Illinois Supreme Court stayed this court's order on January 28, 2010, and issued a supervisory order on November 24, 2010, directing us to vacate our order and reconsider in light of *Hossfeld v. Illinois State Board of Elections*, 238 Ill. 2d 418 (2010), and provide a written opinion in support of our judgment. For the reasons that follow, we affirm the judgment of the circuit court.

BACKGROUND

Hebda describes herself as a long-time Republican and states that she has voted in every Republican primary since 1998 and has never voted in a Democratic primary. In September of 2009, Hebda signed a nominating petition for Carol Sente. The petition stated that Sente was running as a Democratic candidate for the office of State Representative for the 59th Representative District in the General Assembly. It also stated that the undersigned were members of and affiliated with the Democratic party and were qualified primary electors of the Democratic party. Hebda states that she informed the person who was circulating the petition that she was a Republican voter and that he responded that any registered voter could sign the petition.

Hebda also states that in late October of 2009, she made a decision to run for the office of State Representative for the 59th Representative District in the General Assembly. She signed her own nominating petition in late October, as well as a statement of candidacy on November 1, 2009, in which she declared that she was a qualified primary elector of the Republican party. On November 2, 2009, Hebda filed her nominating petitions with the Board. Rosenzweig filed an objector's petition on the grounds that Hebda was not a qualified primary elector of the

Republican party because she signed a nominating petition for a Democratic candidate.

A hearing was held before the Board on November 25, 2009. The record contains the hearing examiner's report and recommendations as well as the recommendation of general counsel. The hearing examiner found that by signing Sente's petition, Hebda affiliated herself with the Democratic party. Citing *Cullerton v. Du Page County Officers Electoral Board*, 384 Ill. App. 3d 989 (2008), the hearing examiner concluded that an individual may have a maximum of one party affiliation for each election cycle. The hearing examiner also cited *Watkins v. Burke*, 122 Ill. App. 3d 499 (1984), for the proposition that the first signature is valid and subsequent conflicting signatures are invalid. The hearing examiner recommended that the Board sustain the objector's petition and that Hebda's name not be printed on the ballot.

General counsel did not concur with the hearing examiner's recommendation. General counsel concluded that the effect of the *Cullerton* decision was that a vote in the primary election locks a person in to that party affiliation until the next primary election. Because Hebda voted in the Republican primary election in 2008, general counsel concluded that she was locked in to the Republican Party, notwithstanding her signature on a Democratic candidate's petition. General counsel recommended that the Board overrule the objector's petition.

The Board determined that by voting in the Republican primary in 2008, Hebda was at all times "locked in" to the Republican party affiliation until the 2010 primary election. The Board ordered that Hebda be certified for the 2010 general primary election ballot. The circuit court reversed, finding that section 8-8 of the Illinois Election Code (Election Code) (10 ILCS 5/8-8 (West 2008)) prohibits signing a petition for a candidate and being a candidate in the primary of

1-10-0027

more than one party.

Hebda filed a notice of appeal, and her motion to expedite was granted by this court. On January 19, 2010, this court issued an order affirming the judgment of the circuit court. The order stated that an opinion or order of the court would follow. Hebda filed a petition for leave to appeal with the Illinois Supreme Court. On January 28, 2010, the supreme court issued an order staying the circuit court and appellate court orders. On November 24, 2010, the supreme court entered a supervisory order, directing this court to vacate its judgment and reconsider in light of *Hossfeld v. Illinois State Board of Elections*, 238 Ill. 2d 418 (2010). *Rosenzweig v. Hebda*, 238 Ill. 2d 674 (2010) (table).

ANALYSIS

As an initial matter, this court takes judicial notice of the fact that the 2010 primary election is over and Hebda was unsuccessful in her bid for the office of State Representative. However, this does not render the appeal moot. This appeal raises an election law issue that is inherently a matter of public concern and is reviewable under the public interest exception to the mootness doctrine. *Lucas v. Lakin*, 175 Ill. 2d 166, 170 (1997). Thus, we will consider the merits of this appeal.

An electoral board is treated as an administrative agency, and thus, the standard of review is determined by the type of question on review. *Hossfeld*, 238 Ill. 2d at 423. The decisions of both the Board and the circuit court address the interpretation of the restrictions placed on a qualified party elector in section 8-8 of the Election Code (10 ILCS 5/8-8 (West 2008)). An interpretation of the meaning of the language in a statute constitutes a pure question of law and

-4-

this court's review is therefore independent and not deferential. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008).

In *Hossfeld*, our supreme court provided a detailed history of the previous two-year restriction on party-switching in the Election Code. *Hossfeld*, 238 Ill. 2d at 425-27. The court noted that the legislature removed the two-year restriction on party-switching, and the only restriction that remains in section 8-8 is that "[a] 'qualified primary elector' of a party may not sign petitions for or be a candidate in the primary of more than one party." 10 ILCS 5/8-8 (West 2008). Because the objector in *Hossfeld* did not claim that the candidate had run afoul of the one remaining restriction, the court only addressed the party-switching claim and determined that the candidate's nominating papers were valid. *Hossfeld*, 238 Ill. 2d at 430.

In the instant appeal, the Board determined that by voting in the 2008 Republican primary Hebda was "locked in" to a Republican party affiliation until the 2010 primary. However, unlike in *Hossfeld*, the issue before this court is not whether Hebda's nomination papers were invalid on the grounds that she engaged in party-switching. Rather, the issue we must decide is whether Hebda violated the remaining restriction in section 8-8 of the Election Code. The circuit court examined the language of section 8-8 and determined that Hebda violated the statute because she signed a nominating petition for one party and ran as a candidate in the primary of another party.

Hebda argues that the use of the word "or" instead of "and" in section 8-8 means that the statute should be read as prohibiting two distinct activities. Under Hebda's interpretation, a qualified party elector may not sign petitions for candidates of more than one party, nor may a qualified party elector run as a candidate in the primary of more than one party. However, Hebda

contends that because of the word "or," a qualified primary elector is not prohibited from signing a petition for a candidate from one party and then running as a candidate in the primary of another party.

We note that even under her own interpretation, Hebda violated the statute because she first signed a nominating petition for a Democratic candidate, and subsequently signed her own nominating petition to run as a Republican candidate. Where a person signs nominating petitions for more than one party, the first signature is valid and all subsequent signatures are invalid. *Watkins v. Burke*, 122 Ill. App. 3d at 502. However, this does not end our analysis. While Hebda violated the restriction by signing nominating petitions for more than one party, we must also determine whether her candidacy itself was a violation of the remaining restriction in section 8-8.

It is well settled that the primary rule of statutory construction is to ascertain and give effect to the intent of the legislature, and the best evidence of legislative intent is the language used in the statute itself. See *Cinkus*, 228 Ill. 2d at 216. Where the meaning of a statute is ambiguous, courts may look beyond the statutory language and consider the purpose of the law, the evils it was intended to remedy, and the legislative history of the statute. *Id*. at 217. Moreover, "[w]e [must] also presume that in enacting the statute the legislature did not intend absurdity, inconvenience, or injustice." *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 320 (2003).

Article 8 of the Election Code is entitled: "Nominations of the Members of the General Assembly," and section 8-8 addresses the form of the petition for the nomination of candidates. 10 ILCS 5/8-8 (West 2008). Section 8-8 provides that the petition shall include a statement of

candidacy which states that "the candidate is a qualified primary voter of the party to which the petition relates." *Id*. This section further provides that "[a] 'qualified primary elector' of a party may not sign petitions for or be a candidate in the primary of more than one party." *Id*.

We cannot agree with Hebda's interpretation that the definition of a qualified primary elector in section 8-8 is intended to address restrictions on voters alone, and on candidates alone, but not on the actions of a voter who is also a candidate. If the legislature intended such a result, the restrictions would have been explained in two separate sentences, one for restrictions on voters who sign nominating petitions and one for restrictions on candidates. Moreover, it would constitute an absurd result for the legislature to place restrictions on voters that are more stringent than those placed on actual candidates. Under Hebda's interpretation, voters in general cannot influence the nomination for a candidate from a party other than their own, but a voter who plans to also run as a candidate is allowed to do so. Our supreme court has explained that a signature on a nominating petition indicates support of the candidate whose name appears on the petition. *Lucas*, 175 Ill. 2d at 173. Thus, Hebda's signature on Sente's nominating petition indicated her support not only of a candidate from another party, but her support of a potential opponent in a race in which she was running as a candidate.

The Seventh Circuit explained the reasoning behind a parallel provision in the Election Code that prohibits circulators from soliciting signatures for nominating petitions on behalf of more than one political party in a single election cycle. *Citizens for John W. Moore Party v. Board of Election Commissioners*, 794 F.2d 1254, 1261 (7th Cir. 1986). The court explained that such restrictions prevent political maneuvers that could affect the quality of the candidates

who will be on the ballot. *Id.* If one party determines that a certain opponent will be a weaker candidate in the general election, that party could circulate petitions on behalf of the weaker candidate for the primary election in the hope that votes will be drawn away from an opposition candidate the party deems to propose a greater threat to its chances of prevailing in the general election. What Hebda did here is an even more egregious example of the type of political maneuvering that the restriction intends to prevent because she signed the nominating petition of a candidate for the very office for which she intended to run, in effect, supporting the nomination of her own opponent.

For the foregoing reasons, we hold that the remaining restriction in section 8-8 of the Election Code prohibits signing a nominating petition for a candidate from one political party and then running as a candidate for another political party in the same election cycle. Thus, we affirm the judgment of the circuit court that Hebda's nominating petitions were invalid.

Affirmed.

1-10-0027

STEVEN M. ROSENZWEIG,

       Petitioner-Appellee,

v.

ILLINOIS STATE BOARD OF ELECTIONS, Sitting as the State Officers Electoral Board, its Members, Bryan Schneider, Chairman, and Members Albert Porter, Jesse R. Smart, Wanda L. Rednour, Robert J. Walters, Patrick A. Brady, William M. McGuffage and John R. Keith,

       Respondent

(Cynthia R. Hebda,

       Respondent-Appellant).

No. 1-10-0027

Appellate Court of Illinois
First District, Fourth Division

April 7, 2011

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court.

NEVILLE and PUCINSKI, JJ., concur.

Appeal from the Circuit Court of Cook County.

Honorable Susan Fox Gillis, Judge Presiding.

For APPELLANT, Law Office of John Fogarty, Jr., Chicago, IL (John G. Fogarty, of counsel), The Foster & Buick Law Group, LLC, Sycamore, IL (John W. Countryman, of counsel)

1-10-0027

For APPELLEE, Michael J. Kasper, Courtney C. Nottage, Chicago, IL (Michael J. Kasper, Courtney C. Nottage, of counsel)