# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Moore v. Grafton Township Board of Trustees*, 2011 IL App (2d) 110499**

---

| | |
|---|---|
| Appellate Court Caption | LINDA I. MOORE, in Her Official Capacity as Grafton Township Supervisor, Plaintiff-Appellee, v. THE GRAFTON TOWNSHIP BOARD OF TRUSTEES; BETTY ZIRK, GERALD McMAHON, ROB LaPORTA, and BARBARA MURPHY, in Their Official Capacities as Members of the Grafton Township Board; KERI-LYN KRAFTHEFER, in Her Official Capacity as Acting Grafton Township Attorney; and GRAFTON TOWNSHIP, Defendants-Appellants. |
| District & No. | Second District<br>Docket No. 2-11-0499 |
| Filed | August 8, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The order of the trial court directing the township board of trustees to confirm the township supervisor's appointment of a person to the position of township attorney was reversed, since the controlling statute provides that the supervisor may appoint a township attorney with the advice and consent of the township board, and under the political-question doctrine, the trial court should not have interfered with the township board's authority to consent to the supervisor's appointment, especially in the absence of any criteria for a court to review the propriety of the board's decision to refuse to confirm the appointment. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 10-CH-684; the Hon. Michael T. Caldwell, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Thomas G. DiCianni, Jeffrey R. Jurgens, and David L. Ader, all of Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., of Chicago, for appellants. |
| | John M. Nelson, of Rockford, for appellee. |
| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion. Justices McLaren and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendants, the Grafton Township Board of Trustees (Board), its members Betty Zirk, Gerald McMahon, Rob LaPorta, and Barbara Murphy, in their official capacities, Keri-Lyn Krafthefer, in her capacity as acting township attorney, and Grafton Township, appeal an order of the circuit court of McHenry County issuing a mandatory injunction sought by plaintiff, Linda I. Moore, in her capacity as Grafton Township supervisor. The injunction directed the Board to confirm Moore's nominee for township attorney at its next regular meeting. As the trial court acted in derogation of both the separation-of-powers doctrine and the plain language of the controlling statute, we reverse and remand.

¶ 2 Moore and the Board have apparently been engaged in frequent litigation before the circuit court of McHenry County. In this case, the trial court has already issued a 36-page memorandum opinion and was required to issue a supplementary opinion as well. As the trial court explained, this litigation concerns "the proper relationship between [Moore and the Board] and the appropriate exercise of the powers of each of them." In this appeal, the issue concerns filling a vacancy for the position of township attorney. Moore terminated the firm that had been serving as township attorney (Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.). This resulted in litigation in which the trial court ultimately enjoined the firm from acting as township attorney. Moore then appointed John Nelson to fill the position. This nomination was rejected by a four-to-one vote, with the four members of the Board voting to reject Nelson, and Moore, who also has a vote in such proceedings, voting to confirm the appointment. Moore then filed a motion in the trial court seeking an injunction to compel the Board to confirm her appointment of Nelson, and the trial court granted the motion, issuing the injunction directing the Board to vote to confirm the appointment at its next meeting. The parties set forth a number of additional facts, such as that Nelson had previously represented Moore in litigation with the Board and that Moore refused to appoint

-2-

some other attorney to the role, none of which are relevant.

¶ 3       Before this court, the Board argues that the trial court erred in granting injunctive relief to compel a discretionary legislative act. We agree. The statute that controls this case provides, in pertinent part, as follows:

      "The supervisor, with the advice and consent of the township board, may appoint a township attorney." 60 ILCS 1/70-37 (West 2010).

It is well established that units of local government are creatures of the legislature. See *La Salle National Trust, N.A. v. Village of Mettawa*, 249 Ill. App. 3d 550, 575 (1993). Moreover, our role in interpreting a legislative enactment is to ascertain and give effect to the intent of the legislature. *Rosenzweig v. Illinois State Board of Elections*, 409 Ill. App. 3d 176, 180 (2011). The best evidence of that intent is the plain language of the enactment itself. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 216 (2008).

¶ 4       Here, the intent of the legislature is manifestly clear–the supervisor appoints a candidate for township attorney and the board confirms the appointment (*i.e.*, gives its consent). The trial court's order in this case removed the Board from the process, in essence allowing an attorney to be appointed solely by the action of the supervisor. This is plainly at odds with the statute. We further note that the language of the statute in no way suggests that the Board's role is ministerial. The statute provides for the board to give its "advice and consent" rather than directing it to perform an action. See *Snyder v. Curran Township*, 167 Ill. 2d 466, 480 (1995). If the Board's action were mandatory or ministerial, its "consent" would be irrelevant; it would simply be required to take the action specified in the statute.

¶ 5       Thus far, we have established that the legislature placed with the Board the authority to consent to (that is, confirm) an appointee for the position of township attorney. Under the political-question doctrine, the trial court should not have interfered with that authority. This doctrine holds that certain questions, deemed political in nature, are not justiciable. *Murphy v. Collins*, 20 Ill. App. 3d 181, 196 (1974); see also *Baker v. Carr*, 369 U.S. 186, 209 (1962). It derives from the principle of separation of powers, based upon which authority is dispersed through the various branches of our government. *Roti v. Washington*, 148 Ill. App. 3d 1006, 1009 (1986). Its function is to ensure that the judiciary does not exercise the powers of another branch of government. *Murphy*, 20 Ill. App. 3d at 195. Our supreme court has explained that, in accordance with the doctrine, issues that " 'lack *** satisfactory criteria for a judicial determination' " (emphasis omitted) and for which it is proper to assign " 'finality to the action of the political departments' " are not subject to judicial review. *Committee for Educational Rights v. Edgar*, 174 Ill. 2d 1, 28 (1996) (quoting *Baker*, 369 U.S. at 210).

¶ 6       Regarding the issue before this court, there are no standards for a court to apply in reviewing the propriety of the Board's decision to refuse to confirm Nelson as township attorney. The governing statute commits that decision to the Board but sets forth no criteria for making the decision. In *Village of Woodridge v. Board of Education of Community High School District 99*, 403 Ill. App. 3d 559, 571-72 (2010), we found the political-question doctrine to be no bar to our review of the actions of local government where the controlling

statute contained "clear criteria for the court to utilize to resolve [the] case." Conversely, in this case, the statute contains no such criteria. In the absence of such criteria, the court system has no role to play in reviewing whether the supervisor's appointment of Nelson should be confirmed.

¶ 7 We further note that Moore seeks to justify the trial court's order as a proper invocation of its "equitable powers *** to facilitate the meaningful nomination of a Grafton Township Attorney by the township supervisor." Indeed, the trial court expressly emphasized that it was acting in equity. However, the political-question doctrine applies with equal force regardless of whether a court acts in law or equity–due respect must always be shown to other co-equal branches of government. See *Heffran v. Hutchins*, 160 Ill. 550, 554 (1896) ("It is not within the jurisdiction of a court of equity to interfere with the public duties of the departments of government."). Quite simply, the legislature granted to the Board the power to consent (which, by implication, entails the power to withhold consent, otherwise consent would be meaningless). Out of due respect for the legislature, let alone the Board itself, the trial court should not have interfered with the discretion possessed by the Board on this issue.

¶ 8 Finally, we observe that the trial court stated that the separation-of-powers doctrine is "overly broad" as it would apply to this case, "primarily because we are dealing with a unit of local government." We emphasize that the separation of powers issue presented here does not concern the relationship between the Board and Moore–that relationship is defined by the legislature in the controlling statute. Rather, this case concerns a court directing a legislative body how to proceed on a matter that would typically be within the discretion of the legislative body. Under the separation-of-powers doctrine, courts must respect units of local government. See *Board of Education of Dolton School District 149 v. Miller*, 349 Ill. App. 3d 806, 812-13 (2004); *Colville v. City of Rochelle*, 130 Ill. App. 2d 541, 545 (1970). That the trial court was interfering with the prerogatives of a unit of local rather then state or national government provides no justification for its order.

¶ 9 In light of the foregoing, the order of the circuit court of McHenry County directing the members of the Board to confirm Nelson's appointment to the position of township attorney is reversed and this cause is remanded for whatever further proceedings are appropriate.

¶ 10 Reversed and remanded.